UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60416-BLOOM/Valle

MELISSA BYNES-BROOKS,

    Plaintiff,
v.

NORTH BROWARD HOSPITAL DISTRICT,
d/b/a BROWARD HEALTH,
d/b/a BROWARD HEALTH CORAL SPRINGS,

    Defendant.
_____/

## ORDER TAXING COSTS

**THIS CAUSE** is before the Court upon Defendant Broward Health's ("Defendant" or "Broward Health") Motion for Bill of Costs, ECF No. [77] ("Motion"). Plaintiff Melissa Bynes-Brooks ("Plaintiff") filed a timely response, ECF No. [79], and Defendant Broward Health filed a timely reply, ECF No. [80]. The Court has reviewed the Motion, all supporting and opposing filings, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

The underlying suit involved claims for disability discrimination under the Florida Civil Rights Act ("FCRA") and the Americans with Disabilities Act ("ADA"), retaliatory discharge under the FCRA and ADA, interference in violation of the Family Medical Leave Act ("FMLA"), and retaliatory discharge under the FMLA. After granting Defendant's motion for summary judgment, *see* ECF No. [75], the Court entered a Final Judgment in favor of the Defendant on all claims asserted in Plaintiff's Amended Complaint, ECF No. [76]. In its Motion, Defendant now seeks recovery of costs totaling $2,798.30. Though Plaintiff does not

dispute Defendant's entitlement to costs as a prevailing party, she challenges the costs of certain deposition transcripts and other identified costs that Defendant seeks to tax. More specifically, Plaintiff objects to $1,005.70 of the $1,580.70 Defendant requests for deposition transcripts fees and to the $400.60 Defendant requests for copying and other professional services fees. Since Plaintiff does not challenge all cost requests, the Court will discuss only the disputed items at issue.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) allows a prevailing party to recover costs other than attorneys' fees, unless otherwise directed by the Court or applicable statute. Fed. R. Civ. P. 54(d)(1). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). Under 28 U.S.C. § 1920, a judge may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)). "The losing party bears the burden of demonstrating that a

cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

  A. *Deposition Transcripts*

At issue are the costs Defendant seeks for the deposition transcripts of Maxine Trotter, Marie Laguerre, and Jeffrey Richards. Plaintiff in this matter argues that the transcripts at issue were not "necessarily obtained for use in the case," as 28 U.S.C. § 1920(2) requires, emphasizing that the challenged depositions were not cited to in Defendant's successful motion for summary judgment. The Court disagrees, and finds that Defendant has established that the challenged deposition transcripts were necessarily obtained for use in the case.

"Taxation of deposition costs is authorized by § 1920(2)." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) (citing *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). "A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *W&O,* 213 F.3d at 621 (internal quotations and citation omitted). Further, obtaining deposition transcripts for use during discovery may be taxable as long as the "deposition was wholly or partially 'necessarily obtained for use in the case.'" *W&O,* 213 F.3d at 621 (internal citation omitted). "[T]he utility (and necessity) for a deposition is not alone measured by whether all or any part of it[] is formally offered in evidence as such." *Id.* (quoting *Kolesar*, 313 F.2d at 840) (alterations in original). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success…." *Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) (citing *W&O*, 213 F.3d at 621). Overall, district courts have great latitude and discretion in determining whether a deposition was "necessarily obtained

for use in the case"; "[r]eversal will require an abuse of discretion." *Kolesar*, 313 F.2d at 840.

Where the taxation of deposition costs are challenged, the losing party must "show that the depositions were not related to an issue in the case at the time the deposition was taken." *Sensormatic Elecs. Corp. v. Tag Co. US*, 2009 WL 3208649, at *5 (S.D. Fla. Oct. 2, 2009) (internal citations omitted); *see also W&O,* 213 F.3d at 620-621. "Because the parties presumably have equal knowledge of the basis for each deposition, the burden falls on the losing party to show that specific deposition costs . . . [were] not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Zokaites v. 3236 NE 5th St., Inc.*, 2008 WL 4792451, at *3 (S.D. Fla. Oct. 31, 2008) (citing *W&O,* 213 F.3d at 621). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W&O*, 213 F.3d at 621. The Eleventh Circuit has upheld the taxation of a deposition where the challenging party listed the deponent on its witness list. *See Murphy v. City of Flagler Beach,* 761 F.2d 622, 631 (11th Cir. 1985). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *W&O*, 213 F.3d at 621 (internal citations omitted).

Defendant has shown that two of the challenged depositions were used in connection with a successful motion for summary judgment. Specifically, Plaintiff herself filed and cited to portions of Mr. Richards' and Ms. Trotter's depositions in support of her Response to Defendant's Motion for Summary Judgment. *See* ECF No. [54], Exhs. G, I. As such, the

preparation of Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. [70], necessarily involved those depositions. Under these circumstances, the Court finds this sufficient, especially where Plaintiff has offered no authority to support the suggestion that in this context depositions must be cited to in a successful motion for summary judgment in order to be considered necessarily obtained. *See generally Ferguson*, 2007 WL 601921, at *3. Consequently, the Court finds that the depositions of Mr. Richards and Ms. Trotter were necessarily obtained for use in this case.

Furthermore, Plaintiff herself has claimed that the deponents at issue had relevant information on the subject matter of this suit. Specifically, Ms. Laguerre and Mr. Richards were both designated as witnesses likely to have discoverable information in Plaintiff's Rule 26.1 disclosures, and Plaintiff named all three deponents at issue as witnesses throughout her answers to Defendant's first set of interrogatories. All three transcripts in question were initially ordered by Plaintiff, which further undercuts the notion that the challenged depositions were not related to an issue which was present in the case at the time the depositions were taken.

For these reasons, Defendant has demonstrated that that the challenged depositions were used to support its motion for summary judgment for purposes of 28 U.S.C. § 1920 and necessarily obtained for use in the case. As Plaintiff does not object to the total claimed cost of the deposition transcript, the Court awards $1,580.70.

    B. *Copying Costs and Other Professional Services*

Plaintiff objects to the taxation of $400.60 in costs—itemized under three separate categories—that are related to what she characterizes as electronic discovery, courier services, and investigative assistance, on the basis that "[t]here is no provision in the statute or the rules authorizing" such costs. ECF No. [79] at 3. For the most part, the Court disagrees.

Regarding copying costs, "[a]lthough courts may not tax as costs copies made for the convenience of counsel, such as multiple copies, courts may tax the costs of copies made for the purpose of providing them to the court or to opposing counsel." *Sensormatic Elecs. Corp.*,, 2009 WL 3208649, at *9 (citing *George v. Florida Dept. of Corr.*, 2008 WL 2571348, *3 (S.D. Fla. May 23, 2008)); *see also Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd and remanded,* 991 F.2d 751 (Fed. Cir. 1993) (finding copying expenses are taxable when filed with the court at the opposing party's request or taken by an opposing party, but not when taken by the prevailing party) (internal citations omitted). "The party seeking to tax costs for copies must provide evidence 'regarding the documents copied including their use or intended use.'" *Sensormatic*, 2009 WL 3208649, at *9 (citing *George*, 2008 WL 2571348, at *2). "The movant must provide information regarding the purpose of the copies so that the court may 'determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for.'" *See id.* at *9. Regarding other costs, "1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor." *Jan. v. Outokumpu Stainless USA, LLC*, 2016 WL 6134537, at *2 (S.D. Ala. Oct. 19, 2016) (citing *Watson v. Lake City*, 492 Fed. Appx. 991, 997 (11th Cir. 2012).

First, Plaintiff objects to a $343.60 invoice from Empire Discovery, LLC, which relates to the processing of electronic copies of responsive documents for production to Plaintiff. However, taxation of fees for copies attributable to discovery is authorized by 28 U.S.C. § 1920(4). *W&O,* 213 F.3d at 623. Contrary to Plaintiff's assertion, the same applies to electronic discovery. *See Finnerty v. Stiefel Labs., Inc.*, 900 F. Supp. 2d 1317, 1320 (S.D. Fla. 2012) ("There has been general agreement that digital copies—e.g. transmittable duplicate versions,

such as TIFF and PDF files—are the 21st Century equivalent of making copies…. It is undisputed that electronic discovery costs are available under Section 1920(4)….") (internal quotations and citations omitted). Accordingly, the Court finds that 28 U.S.C. § 1920(4) authorizes the $343.60 in electronic copying costs from Empire Discovery, LLC, so long as the electronic copies were necessarily obtained for use in the case.

Second, Plaintiff disputes a $27.00 invoice from BDS Courier, which relates to courier services. *See* ECF No. [77-1] at 64. On this dispute, the Court is in agreement with Plaintiff. Nowhere on the face of 28 U.S.C. § 1920 is the reimbursement of delivery costs alone authorized. Notably, Defendant did not address the BDS Courier invoice in its Reply to Plaintiff's Objections to Bill of Costs. Accordingly, the Court finds that the $27.00 in courier services from BDS Courier are not taxable.

Third, Plaintiff challenges a $30.00 invoice from Rock Legal Services & Investigation, which, importantly, relates to Defendant obtaining copies of records regarding Plaintiff's mental health records. *See* ECF No. [77-1] at 66-68. Regardless of the investigative nature of these costs, 28 U.S.C. § 1920 contemplates "[f]ees for exemplification and the costs of making copies of *any materials* where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (emphasis added). As such, so long as these costs were related to records and/or copies necessarily obtained for use in this case, they are taxable.

Having found that the recovery of the electronic discovery costs from Empire Discovery, LLC and the copying costs from Rock Legal Services & Investigation are by no means statutorily precluded, the Court considers whether such costs were necessarily obtained for use in this case—as required by 28 U.S.C. § 1920(4). On this point, the Court notes that Plaintiff did not raise this argument in her Objection to Defendant's Bill of Costs, instead arguing generally

that 28 U.S.C. § 1920 simply does not allow for such costs to be taxed. In any event, the Court is satisfied that these costs were necessarily obtained for use in this case.

As mentioned, the $343.60 invoice from Empire Discovery, LLC was for processing electronic copies of documents that were responsive to Plaintiff's requests for production. Specifically, the production of these electronic copies were made in compliance with Defendant's initial disclosure obligations and discovery obligations following Plaintiff's requests for email communications. *See* ECF No. [80] at 5. Similarly, the $30.00 in copying fees from Rock Legal Services & Investigation were incurred for the purpose of obtaining Plaintiff's mental health records. Plaintiff's mental health history bore particular relevance to this case, *see* ECF No. [75], and Defendant has indicated that it used Plaintiff's mental health records during Plaintiff's deposition, *see* ECF No. [80] at 6. Thus, the Court finds that these costs are properly taxable under 28 U.S.C. § 1920(4), for a total of $373.60.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Bill of Costs, **ECF [77]**, is **GRANTED in part AND DENIED in part**. The Court awards Defendant **$2,771.30** of its claimed costs against Plaintiff.

**DONE AND ORDERED** in Miami, Florida, this 31st day of July, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record